**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30174 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05601-BHS-3 |
| v. | |
| JOSE AHUMADA-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 6, 2012
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Defendant Jose Ahumada-Rodriguez appeals his jury conviction of

possession of heroin (one kilogram or more) with intent to distribute, in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(A). We affirm.

1. Defendant first argues that insufficient evidence supported his conviction.

Reviewing de novo and "assess[ing] the evidence in the light most favorable to the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

prosecution," we hold that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Stewart, 420 F.3d 1007, 1014–15 (9th Cir. 2005) (internal quotation marks omitted). The government introduced evidence from which a reasonable juror could conclude, at a minimum, that Defendant aided and abetted the commission of the crime.

2. The district court properly denied Defendant's motion to suppress the evidence found during the search of the house. Reviewing de novo, United States v. Crews, 502 F.3d 1130, 1135 (9th Cir. 2007), we hold that the affidavit supporting the warrant contained sufficient indicia of the confidential informant's reliability. See United States v. Rowland, 464 F.3d 899, 907–08 (9th Cir. 2006) (discussing indicia of reliability for confidential informants). Even if the warrant were unsupported by probable cause, the good faith exception would apply. United States v. Leon, 468 U.S. 897, 922–23 (1984). Finally, the warrant authorized a search of the residence, so officers did not exceed the scope of the warrant.

3. The district court did not err in admitting Defendant's statement about cocaine or evidence of the cocaine. We review for abuse of discretion the decision to admit evidence, United States v. Santini, 656 F.3d 1075, 1077 (9th Cir. 2011) (per curiam), and we review de novo whether evidence falls within the scope of

Rule 404(b) of the Federal Rules of Evidence, United States v. DeGeorge, 380 F.3d 1203, 1219 (9th Cir. 2004). The statement is not an "other act" under Rule 404(b), and the evidence was admissible because it was intertwined with the evidence of the charged (heroin distribution) crime.

4. The district court did not abuse its discretion, Earp v. Cullen, 623 F.3d 1065, 1075 (9th Cir. 2010), cert. denied, 131 S. Ct. 2966 (2011), by admitting expert testimony about drug distribution. The expert testimony was relevant and helpful to the jury, and the expert did not try to impute to Defendant knowledge of "how the entire [drug] organization operated," United States v. Vallejo, 237 F.3d 1008, 1017 (9th Cir.), amended by 246 F.3d 1150 (9th Cir. 2001), or "attempt[] to connect him to an international drug conspiracy," United States v. Pineda-Torres, 287 F.3d 860, 865 (9th Cir. 2002).

5. Finally, Defendant argues that the prosecutor committed misconduct during her closing argument. "[W]e review a district court's determination that there was no prosecutorial misconduct for abuse of discretion, and we apply harmless error analysis." United States v. Del Toro-Barboza, 673 F.3d 1136, 1150 (9th Cir. 2012). Here, the prosecutor did not misstate the law. Even if she did, the misconduct did not materially affect the fairness of the trial. See id. ("A criminal

3

conviction will not be overturned on the basis of a prosecutor's comments unless in context they affected the fundamental fairness of the trial.").

AFFIRMED.

*United States v. Ahumada-Rodriguez*, No. 11-30174

NOONAN, Circuit Judge, dissenting:

The heart of the government's position appears to be that the defendant was the closest to the door when the police broke in. Proximity to the door at that moment proves nothing as to the author of the locking of the door. It's a guess, even a good guess, but not proof of any kind.

I see no other evidence that the defendant took steps to aid and abet and, in particular, no evidence of his intent to distribute heroin. Presence in the stash house is suspicious. It fails to establish criminal activity beyond a reasonable doubt.